Roland C. Colton, Esq., SBN 79896
**COLTON LAW GROUP**
28202 Cabot Road
Third Floor
Laguna Niguel, CA. 92677
Telephone: (949) 365-5660
Facsimile: (949) 365-5662
Email: rcc7@msn.com

Alexander Escandari, Esq. SBN 183781
**L.A. TRIAL LAWYERS, INC.**
8730 Wilshire Boulevard
Fifth Floor
Beverly Hills, CA. 90211
Telephone: (310) 492-2000
Facsimile: (310) 492-2001

Attorneys for Plaintiffs BRUNILDA STEPHENS
and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNILDA STEPHENS, on behalf of herself and all others similarly situated<br><br>       Plaintiffs,<br><br>v.<br><br>NORDSTROM, INC.; HAUTELOOK, INC.<br><br>       Defendants. | Civil Case No. 2:17-cv-05872 DSF (Ksx)<br><br>**DECLARATION OF ROLAND C. COLTON IN SUPPORT OF PLAINTIFF'S OBJECTIONS & OPPOSITION TO NILI ALAI'S REQUEST TO FILE AMICUS CURIAE BRIEF**<br><br>Judge:  Hon. Dale S. Fischer<br>Courtroom: 7D |

I, Roland C. Colton, declare as follows:

  1.  I am an attorney licensed to practice before all courts of the State of California. I am counsel for Plaintiff Brunilda Stephens in the above-captioned case. I make this declaration in Support of Plaintiff's Objections & Opposition to

Nili Alai's Request to File Amicus Curiae Brief.  The following facts are based on my personal knowledge. If called as a witness, I could and would competently testify to these facts under oath.

2,     On Friday, January 25, 2019, at 5:32 p.m., I received an email from Nili Alai, which was also sent to Defendants' counsel and a representative of the Franchise Tax Board, containing a document entitled: "Amicus Curiae Brief in Opposition to Plaintiff Counsel Roland C. Colton's Application as Lead Counsel."

3.     There is no reference in the Brief to the fact that Alai is an adversary-litigant of me in the matter of *Nili Alai v. Roland Colton, et al.,* Orange County Superior Court Case No. 30-2017-00915715-CU-PN-CJC. There are also five other attorneys named as defendants in the case, all of which Alai claims represented her in her medical malpractice case, discussed below.

4.     In addition to the above case, I am aware of at least five other recent lawsuits involving Alai as a party:

(1)    *Alai v. Barbara Shang*, Orange County Superior Court Case No. 30-2012-00591704 (medical malpractice);

(2)    *Connie Parker v. Alai*, Orange County Superior Court Case No. 30-2013-00669922 (wrongful termination);

(3)    *Musick, Peeler & Garrett v. Alai*, Orange County Superior Court Case No. 30-2017-00947528 (failure to pay legal fees);

(4)    *Law Offices of Mark B. Plummer, PC. v. Alai*, Orange County Superior Court Case No. 30-2018-01002061 (fraud); and

(5)    Alai, suing as Jane Doe, in the Santa Clara Superior Court Case of *Jane Doe, et al., v. Roy Hong, M.D.,* No. 114CV261702 (medical malpractice).

6.     Alai filed the Underlying Action for medical malpractice against Dr. Shang on August 16, 2012, claiming that she had contracted epidemic

2
DECLARATION OF ROLAND C. COLTON IN OPPOSITION TO NILI ALAI'S REQUEST TO FILE AMICUS CURIAE BRIEF

keratoconjunctivitis ("EKC"), a form of conjunctivits, from Dr. Shang during an eye examination. Alai was originally represented by Marshall Silberg, who withdrew as counsel-of-record without a motion, on May 2, 2013, after insisting that Alai find new counsel.

7.     Brentwood Legal Services (operated by attorney Steven Zelig) substituted in as Dr. Alai's second counsel in May of 2013. Four months later, Brentwood filed a motion to withdraw as counsel (in September of 2013); the motion was then refiled and the court permitted Brentwood's withdrawal on December 13, 2013.

8.     Apparently unable to find subsequent representation, Dr. Alai represented herself for approximately seven months, before ultimately retaining the firm of Hodes Milman Lieback on July 10, 2015.

9.     Hodes then withdrew from representation approximately seven months later and Brentwood Legal Services substituted in a second time on January 29, 2015.

10.     Brentwood then, once again, filed a motion to withdraw and was allowed to withdraw a second time (this time after less than three weeks of representation) on February 17, 2015.

11.     Dr. Alai was then in pro per for approximately two weeks before my firm agreed to undertake representation Alai's representation in early March, 2015. The chronology of representation is set forth below:

| Counsel for Dr. Alai | Period of Representation |
|---|---|
| Marshall Silberberg | August 16, 2012 to May 2, 2013 |
| Brentwood Legal Services | May 2, 2013 to December 13, 2013 |
| Dr. Alai (in pro per) | December 13, 2013 to July 10, 2014 |
| Hodes Milman Liebeck | July 10, 2014 to January 29, 2015 |
| Brentwood Legal Services | January 29, 2015 to Feb. 17, 2015 |
| Dr. Alai (in pro per) | February 17, 2015 to March 3, 2015 |

3

| Colton Law Group | March 3, 2015 to June 15, 2016[1] |
| Dr. Alai (in pro per) | June 15, 2016 to the present |

12.    At the time my firm entered the case as counsel for Alai, there was a motion pending against Alai (set for March 26, 2015) for terminating sanctions based upon Alai's alleged violation of multiple court orders previously issued in the case. In addition, there was also pending against Alai, a second motion for issue sanctions before the discovery referee, based upon numerous discovery responses which were alleged to be delinquent and/or deficient.

13.    My firm expeditiously filed an opposition to the motion for terminating sanctions, and further prepared numerous long-delinquent discovery responses to attempt to head off the issue sanction motion for discovery abuses. Due to the complete filing of outstanding discovery responses, the discovery motion was denied. However, as to the motion for terminating sanctions, although the court denied the request for terminating sanctions, it imposed crippling evidentiary sanctions against Alai based upon her failure to comply with prior court orders. The court set forth the sanctions in its March 26, 2015 order (a true and correct copy of the court's March 26, 2015 order is attached as Exhibit "A" to this declaration):

"Plaintiff has willfully failed to comply with the court's October 31, 2014 order prohibiting plaintiff and her counsel from contacting any former or current patient of defendant, other than plaintiff's immediate family members or John Pascoe;

Plaintiff has willfully failed to comply with the court's October 30, 2014 order compelling her to provide further responses as promised in her opposition to defendant's motion to compel further responses to sepcial

---

1.  Except for limited scope representation, wherein my firm will try the case if the appeal is successful.

DECLARATION OF ROLAND C. COLTON IN OPPOSITION TO NILI ALAI'S REQUEST TO FILE AMICUS CURIAE BRIEF

interrogatories, set three. ... Plaintiff willfully delayed producing the
responses for months until the even of a motion for issue sanctions before
the discovery referee and then produced inadequate responses thereto...
These violations are especially egregious in light of plaintiff's use of the
medical records of her mother, Rezvan Nassiri, in support of her claims.

Plaintiff has willfully failed to comply with the court's November 6,
2014 order compelling responses to defendant's fifth set of special
interrogatories within 20 days of the order. Plaintiff willfully delayed
responding to these interrogatories until the eve of a motion for issue
sanctions heard before the discovery referee, just two weeks shy of the
discovery cutoff date."

14.     Of particular significance, Judge Peter Wilson ordered, *inter alia*:

"Plaintiff is precluding from calling her mother, Rezvan Nassiri as a
witness, and plaintiff is precluded from introducing any evidence mentioning,
referring to or pertaining to her mother, Rezvan Nassiri, including any testimony
(including but not limited to expert testimony) based ona review of Ms. Nassir's
statements, testimony, or medical records."

15.     In addition, the court precluded Alai "from introducing any evidence
concerning any of [Dr. Shang's] former or current patients (1) whose identity
plaintiff first became aware of after October 31, 2014, (2) who had received
an ECKfoundation.org information packet and/or (3) whose identity and/or
contact information has not been disclosed as of this time and date."  Dr. Shang's
counsel alleged that Alai had set up the EKCfoundation for purposes of
surreptitiously obtaining Dr. Shang's patient information after being ordered not
to do so, by purportedly sending mass mailings to the public in Orange County
along with a solicitation for their patient records, although the mailings were
actually targeting Dr. Shang's patients.

16.     The evidentiary sanctions imposed by the court for Alai's multiple

and willful violations of court orders made the prosecution of Alai's case far more difficult, without being able to prove that other patients of Dr. Shang had similarly contracted EKC. Therefore, the only admissible evidence that remained to support medical malpractice, was Alai's allegations that she had been present with her mother during her eye examination. Alai testified that Dr. Shang had not cleaned the equipment after examining Alai's mother and before examining Alai. The defense and plaintiff experts unanimously agreed that if Alai was to be believed, that Dr. Shang's conduct was below the standard of care. [Dr. Shang denied Alai's allegations.]

17.   The case continued to be heavily litigated over the next year, as my firm successfully opposed on Alai's behalf, a subsequent motion for terminating sanctions and another motion for issue sanctions. The case ultimately was ultimately assigned to Judge Ronald Bauer, and the matter went to trial on April 20, 2016. At that time, Dr. Shang filed a number of motions in limine. One of the motions in limine, No. 3, sought to preclude any evidence of Alai's observations based upon the prior evidentiary ruling by Judge Wilson that Alai was precluded from "introducing any evidence mentioning, referring to or pertaining to her mother, Resvan Nassiri, including any testimony (including but not limited to expert testimony) based on a review of Ms. Nassiri's statements, testimony or medical records."

18.   Dr. Shang's MIL 3 requested the court to construe Judge Wilson's March 26, 2015 order so as to preclude Alai from even commenting on her own observations that the eye examination equipment had not been cleaned following her mother's examination and before her own. On behalf of Alai, I argued vigorously that Judge Wilson had not intended the sanction to be so broad and that such a ruling would prevent Alai from being able to prove her case, since the evidence sought to be excluded was the foundation for the medical malpractice case.

19.     Understanding the gravity of his decision, Judge Bauer agreed to consider the matter further and oral argument on MIL 3 was continued for the following day. After length further oral argument, Judge Bauer granted Dr. Shang's MIL 3, thereby providing the death knell to Alai's case. Once the ruling was made I, in my capacity as an officer of the court, had no choice but to represent to the court that Alai could not present a case for medical malpractice in light of the court's ruling, and the court issued a directed verdict against Alai. [A true and correct copy of excerpts from Judge Bauer's hearing are attached as Exhibit "B" to my declaration.]

20.     Judge Bauer's comments regarding my arguments on Alai's behalf are noteworthy:

"[Mr. Colton] presented your position with great passion and ardor both yesterday and today." (p. 13:6-7);

"[Mr. Colton's] passion for your case is undiminished, but he also has, along with that passion for your case, an obligation to be honest and to be straightforward, both with you and with the court and with the judicial system..." (p. 13:9-12)

"I would not think that any other attorney can argue it better than Mr. Colton did yesterday and today." (p. 14:24-26).

21.     Alai was furious with the court's ruling and directed verdict, insisting that the case be tried without any expert support. Alai further insisted that I contact former patients of Dr. Shang, in violation of the court's previous orders, to attempt to prove that other patients had incurred a similar infection. I refused to do so, indicating that he would not violate the court's orders.

22.     I urged Alai to appeal the court's ruling on MIL 3, which she did. Ultimately, her appeal was denied.

23.     Soon after, Alai filed an action, in *pro per*, against Mr. Colton and other lawyers, including the firm of Hodes, Milman Lieback. Her initial

DECLARATION OF ROLAND C. COLTON IN OPPOSITION TO NILI ALAI'S REQUEST TO FILE AMICUS CURIAE BRIEF

complaint contained 545 paragraphs and twelve causes of actions against the defendants. The complaint was full of rambling, incoherent and irrelevant claims, including many unfounded and preposterous facts, including the following allegations made *against* co-defendant Hodes, Milman & Lieback:

•       that the firm promotes an environment of regular, daily and workhours alcohol use by attorneys (giving specific attorney names);

•       that the firm has a culture of laughter and joking about workplace drunkenness;

•       that the firm jokes and laughs about clients' serious medical injuries and the firm has no compassion for its clients;

•       that the firm's senior partners are regularly absent and leave the other attorneys without proper supervision;

•       that the firm's staff are poorly paid and are afraid for their jobs if they don't meet quotas for winning cases;

•       that the firm has been "pulled out on the rug" for various misdeeds from failure to timely investigate, to suborning perjury, and failure to pay employees;

•       that "[A]s freely and habitually done, if a case requires work, HML will disregard it into disrepair then force their client to file a consent for HML to withdraw. HML freely leaves cases in shambles and will abandon clients whose case HML has effectively destroyed through failure to investigate or failure to timely prosecute. HML has a reputation for 'cherry picking' easy legal cases where little work is generally required."

24.       Similar, the allegations against myself are similarly bizarre, defamatory, unfounded and irrelevant, including:

•       Mr. Colton's misrepresents his age by showing a younger photograph of himself on his website;

•       Mr. Colton conducts business in a façade office for his law firm, for

8

which he pays $99 monthly;

•       Mr. Colton was distracted during his representation of Alai, working on his recently published historical novel, "Forever Gentleman."

•       Mr. Colton spent the "hours and days after abandoning" Alai's case, going on book tours, concertizing, etc.

•       Mr. Colton took vacations during the summer in Europe, thereby not devoting full attention to Alai's case.

25.     Alai's vengeful and malicious attacks against myself are in sharp contrast to the praise that she heaped on me during the time of his representation (a true and correct copy of a sampling of emails between Alai and myself are attached is attached as Exhibit "C" to my declaration):

•       12-1-15 email: "Sam and I are extremely appreciative of your efforts and time yesterday at the deposition. We recognize your immense skills and defense and are thankful for your time."

•       11-18-15 email: "I appreciate your efforts and time in preparing these tremendous letters. Siamak and I are very grateful for the powerful motions and letters you have sent on our behalf."

•       11-13-15 email: "I appreciate your immense work on the motions and the spectacular success yesterday in court."

•       10-31-15 email: (and many more like this): "Thank you for all of your efforts!"

•       10-28-15 email: "Our opposition looks really nicely done, and I especially appreciate the way you brought in Defense's use of tax records with all this employment data...."

•       9-1-15 email: "Thank you for your efforts, Roland. I appreciate your understanding of the perceived urgency of this issue."

•       8-23-15 email: Email from Sunday night at 10:18 p.m. shows Mr. Colton's commitment to Alai's case: "I'm going home now and will re-commence

early in the morning (around 4 a.m.) to finish the papers."

• 8-7-15 email: "Sam and I are very honored to have had you personally handle our case, and extremely appreciative of your professionalism and gentlemanly nature."

26. As evidenced in the Underlying Action, Alai's tactics are intended as a "scorched earth" campaign against anyone who crosses her. In the Underlying Action, I am aware that not only did she file multiple complaints with the Medical Board against Dr. Shang (which were dismissed), she also filed complaints with the California State Bar against her adversary's attorneys, Robert McKenna and Benjamin Ikuta. Those complaints were also dismissed.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 28, 2019, at Laguna Niguel, California.

_s/s Roland C. Colton_

Roland C. Colton

DECLARATION OF ROLAND C. COLTON IN OPPOSITION TO NILI ALAI'S REQUEST TO FILE AMICUS CURIAE BRIEF

# EXHIBIT "A"

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - COMPLEX JUSTICE CENTER

DEPARTMENT CX-103

NILI N. ALAI, M.D., AND SAM NABILI,  )
                                      )
                 PLAINTIFFS,          )
                                      )
        VS.                           )  NO. 30-2012-00591704
                                      )
BARBARA YA-HUI SHANG, M.D., AND       )
DOES 1 THROUGH 100, INC.,             )
                                      )
                 DEFENDANTS.          )
                                      )
_____)


HONORABLE RONALD L. BAUER, JUDGE PRESIDING

REPORTER'S TRANSCRIPT

APRIL 20, 2016


APPEARANCES:

FOR PLAINTIFF:                ROLAND C. COLTON
                              ATTORNEY AT LAW

FOR DEFENDANT:                ROBERT L. MC KENNA III
                              BENJAMIN T. IKUTA
                              ATTORNEYS AT LAW




CAROLYN GREGOR, CSR 2351
OFFICIAL COURT REPORTER

1    INTERLUDES THAT MADE THIS CASE DIFFICULT.

2            IN ANY EVENT, I'M GOING THE DENY.  I HAVE DENIED

3    THE MOTION TO WITHDRAW.  WE WILL PROCEED THIS MORNING

4    WITH THE ATTORNEY DOING AN EXTREMELY GOOD JOB

5    REPRESENTING YOU.

6            HE PRESENTED YOUR POSITION WITH GREAT PASSION

7    AND ARDOR BOTH YESTERDAY AND TODAY.  THE EVIDENCE AND THE

8    DOCUMENTS THAT I SAW LED ME TO A DIFFERENT DECISION.

9            HIS PASSION FOR YOUR CASE IS UNDIMINISHED, BUT

10   HE ALSO HAS, ALONG WITH THAT PASSION FOR YOUR CASE, AN

11   OBLIGATION TO BE HONEST AND TO BE STRAIGHTFORWARD, BOTH

12   WITH YOU AND WITH THE COURT AND WITH THE JUDICIAL SYSTEM.

13   AND THAT HAS LED US TO THE POSITION WE ARE IN NOW.

14           WE WILL NOW GO ON AND ENTERTAIN THAT SUGGESTION

15   YOU MADE, MR. COLTON.  WE HAVE THE REPORTER HERE.  IF

16   YOU'D LIKE TO REFLECT AGAIN WHAT YOU'VE ALREADY SAID THAT

17   YOU CANNOT PROCEED, AND YOU WILL ACCEPT THE FACT SUBJECT

18   TO APPELLATE REVIEW THAT THIS CASE CANNOT BE PRESENTED;

19   IS THAT CORRECT?

20           MR. COLTON:  THAT IS CORRECT.

21           THE COURT:  ALL RIGHT.  THEN WE WILL REFLECT ON

22   THE DEFENSE MOTION.

23           MR MC KENNA:  A MOTION, YOUR HONOR, FOR DIRECTED

24   VERDICT -- NONSUIT -- WHATEVER THE APPROPRIATE TERM IS.

25           THE COURT:  IT WILL BE GRANTED.  IT WILL BE

26   GRANTED.  I WILL TELL THE JURY OUR THANKS FOR THEM.  AND

1    OUR THANKS TO YOU ALL FOR YOUR PRESENCE HERE IN THE LAST
2    FEW DAYS.

3         SO WE WILL GO BACK OUT FRONT AND HAVE THE
4    REPORTER THERE.  AND I WILL THANK THE JURY AND I WILL
5    THANK YOU FOR BEING HERE THIS MORNING.

6         I KNOW IT'S BEEN DIFFICULT TODAY; IT'S BEEN
7    DIFFICULT FOR FOUR YEARS; AND I AM SURE THAT YOU'LL
8    PURSUE THIS WITH THE SAME VIGOR THAT YOU HAVE THUS FAR.
9    BUT AT THIS POINT A MOTION TO WITHDRAW HAS TO BE DENIED,
10   AT LEAST FOR THE EXTENT OF TODAY'S HEARING.

11        IT MAY BE THAT AFTER THIS ALL SETTLES DOWN AND
12   WE ARE THROUGH WITH THIS, YOU CAN IN A MORE DELIBERATIVE
13   WAY FIND A SUBSTITUTE ATTORNEY WHO WILL CONTINUE.  I KNOW
14   THAT MR. COLTON HAS EXPRESSED HIS WILLINGNESS TO CONTINUE
15   WITH AN APPEAL.  IN FACT, HE'S EXPRESSED HIS CONFIDENCE
16   THAT HE CAN PREVAIL ON AN APPEAL.

17        THAT'S FOR A FUTURE EVENT, WHETHER YOU CONTINUE
18   WITH MR. COLTON OR NOT.  YOU HAVE A GOOD ATTORNEY, AND HE
19   HAS DONE WHAT HIS OATH OF OFFICE REQUIRES HIM TO BE.

20        DR. ALAI:  WE ARE NOT CERTAIN WHAT IS OCCURRING
21   TODAY.  IS IT POSSIBLE TO DEFER UNTIL WE CAN CONSULT WITH
22   ANOTHER COUNSEL?  WE HAVE, ESSENTIALLY, BEEN AMBUSHED AND
23   HAVE NO IDEA WHAT IS OCCURRING TO US RIGHT NOW.

24        THE COURT:  I WOULD NOT THINK ANY OTHER ATTORNEY
25   CAN ARGUE IT BETTER THAN MR. COLTON DID YESTERDAY AND
26   TODAY.

# EXHIBIT "B"

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/26/2015                    TIME: 02:00:00 PM          DEPT: C12

JUDICIAL OFFICER PRESIDING: Peter Wilson
CLERK: SUSIE GARCIA
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Lorena Mendez

CASE NO: **30-2012-00591704-CU-MM-CJC** CASE INIT.DATE: 08/16/2012
CASE TITLE: **Alai vs. Shang**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Medical Malpractice

EVENT ID/DOCUMENT ID: 72125699
**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Barbara Ha-Sui Shang
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 02/25/2015

**APPEARANCES**
Roland C. Colton, from Colton Law Group, present for Plaintiff(s).
Benjamin Ikuta, from Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, present for Defendant(s).

Tentative Ruling posted on the Internet and outside the courtroom.

In open court. Court heard oral argument of counsel.

The tentative ruling was adopted as the final order of the Court as follows, including additional ruling on issues discussed at hearing:

Defendant Barbara Ya-Hui Shang, M.D.'s (defendant) motion for terminating sanctions is DENIED, but the Court GRANTS evidentiary sanctions as set forth below.

The Court finds plaintiff Nili N. Alai, M.D. (plaintiff) has willfully failed to comply with a number of court orders as specified below:

1. Plaintiff has willfully failed to comply with the court's October 31, 2014 order prohibiting plaintiff and her counsel from contacting any former or current patient of defendant, other than plaintiff's immediate family members or John Pascoe. (Kort Decl. at ¶¶ 1-3, Exh. A; Richter Decl. at ¶¶ 1-4, Exh. A; Gargas Decl. at ¶¶ 1-3, Exh. A; Ikuta Decl. at ¶ 16, Exh. R.)

2. Plaintiff has willfully failed to comply with the court's October 30, 2014 order compelling plaintiff to provide further responses as promised in her opposition to defendant's motion to compel further responses to special interrogatories, set three (see Ikuta Decl. at ¶ 27, Exh. DD), within 21 days of the order. Plaintiff willfully delayed producing the responses for months until the eve of a motion for issue sanctions before the discovery referee and then produced inadequate responses thereto, particularly as to Special Interrogatory Nos. 115 and 130. (Ikuta Decl. at ¶ 34, Exh. OO; see Code Civ. Proc., §

DATE: 03/26/2015                         MINUTE ORDER                              Page 1
DEPT: C12                                                                    Calendar No.

CASE TITLE: Alai vs. Shang                    CASE NO: **30-2012-00591704-CU-MM-CJC**

---

2030.220, subd. (c).) These violations are especially egregious in light of plaintiff's use of the medical records of her mother, Rezvan Nassiri, in support of her claims. (See Ikuta Reply Decl. at ¶¶ 3-4, Exh. 2; see also Ikuta Decl. at ¶¶ 34-37.)

3. Plaintiff has willfully failed to comply with the court's November 6, 2014 order compelling responses to defendant's fifth set of special interrogatories within 20 days of the order. Plaintiff willfully delayed responding to these interrogatories for months until the eve of a motion for issue sanctions heard before the discovery referee, just two weeks shy of the discovery cutoff date. (Ikuta Decl. at ¶ 32.)

The Court therefore GRANTS evidentiary sanctions in favor of defendant and against plaintiff, and ORDERS as follows:

1. Plaintiff is precluded from calling her mother, Rezvan Nassiri as a witness, and plaintiff is precluded from introducing any evidence mentioning, referring to or pertaining to her mother, Rezvan Nassiri, including any testimony (including but not limited to expert testimony) based on a review of Ms. Nassiri's statements, testimony, or medical records.

2. Plaintiff is precluded from introducing any evidence concerning any of defendant's former or current patients (1) whose identity plaintiff first became aware of after October 31, 2014, (2) who received an ECKfoundation.org information packet and/or (3) whose identity and/or contact information has not been disclosed as of this time and date.

Plaintiff is further ORDERED to provide a full and complete verified, supplemental response without objection to defendant's third set of special interrogatories, Nos. 130 and 131, identifying every employee of The Skin Center during the year of 2011, by 5:00 p.m. on Monday, March 30, 2015. Plaintiff's failure to timely provide these responses will likely result in terminating, issue, and/or evidentiary sanctions.

The court will continue the trial date to May 4, 2015 solely (1) For the purpose of allowing defendant to properly notice and take the depositions of the witnesses identified in plaintiff's supplemental response to Special Interrogatory Nos. 130/131. (See Ikuta Reply Decl. at ¶ 7, Exh. 4, p. 2.) (2). To enable depositions, as appropriate of the two dermatologists who were the subject of the motion before the discovery referee, and (3) To permit discovery directly related to the Medicare Authorization. Discovery is not extended or kept open in any other respect.


Jury Trial currently set for 4/6/2015 is continued to 05/04/2015 at 09:00 AM in this department.

Moving party to give notice.

# EXHIBIT "C"

https://outlook.live.com/mail/AQMkADAwATMwA...

**Dr. Ashby & CAP Re: 998 Offers: found OBJECTION from Defense re old 998 Re: Alai - 998 Offers to Plaintiffs**

N. Alai <nnalai@yahoo.com>

Tue 12/1/2015, 5:58 PM

To: Roland <rcc7@msn.com>; snabili@yahoo.com <snabili@yahoo.com>

Hi Roland,

Sam and I are extremely appreciative of your efforts and time yesterday at the deposition.
We recognize your immense skills and defense and are thankful of your time.

In follow up to your request for additional information about the CAP committe and policy limits,
I reached out to Dr. Ashby who had 2 suits as a defendant through the CAP process. You and I had also
discussed possibly talking with Dan Hodes
on information he may have received from Mckenna about what the CAP committee had decided on Shang's
case and policy limits, and Dan's basis for not filing any other 998's during the late 2014 period. I would be
very interested in your thoughts on that.

Dr. Ashby indicated that to his best recollection CAP's routine is to have a committee meeting about
settlement or not on a case, and if CAP feels
the case is strong for the doctor they decide to fight. If the CAP committee feels case is going to lose, and the
settlement committee wants to settle and they doctor says no, then the doctor is responsible for any amount
over the 1 million policy limits.

In his case, CAP agreed to defend the case above the 1 million policy limit and they told him in writing they
would defend him fully and any amount awarded against him above the $1 million policy limits would be CAP's
responsibility. His attorney worked it out ahead of time with CAP. Dr. Ashby made a request to CAP to pursue
litigation and defend him in case the case went beyond the policy limit.

I am not sure if that is useful to us but wanted to pass it along for thought.

Sincerely,
Nili

From: N. Alai <nnalai@yahoo.com>
To: Roland <rcc7@msn.com>; "snabili@yahoo.com" <snabili@yahoo.com>
Sent: Thursday, November 5, 2015 2:04 PM
Subject: 998 Offers: found OBJECTION from Defense re old 998 Re: Alai - 998 Offers to Plaintiffs

Roland,

Please see attached 998 Objection from Defense which I serendipitously ran across today. There were
also 2 prior 998 letters sent by Mr. Zelig which I did not locate today.
Would you let us know if we need to send additional 998's to Defense?

Sincerely,
Nili

From: Roland <rcc7@msn.com>
To: "nnalai@yahoo.com" <nnalai@yahoo.com>; "snabili@yahoo.com" <snabili@yahoo.com>
Sent: Wednesday, April 1, 2015 11:40 AM
Subject: FW: Alai - 998 Offers to Plaintiffs

Nili and Sam,

Attached please find another 998 Settlement Demand from Dr. Shang requesting you to dismiss your case in
exchange for a waiver of costs.

I still strongly recommend sending another policy limit demand to Dr. Shang; I believe that there is a remote
chance of it being accepted. It would certainly strengthen our ability to recover any award in excess of
$1,000,000.

Roland C. Colton

**Thank you and Nov 30 Question Re: ALAI v. SHANG---Letters to Santa Clara Counsel and to John Pascoe**

N. Alai <nnalai@yahoo.com>
Wed 11/18/2015, 12:12 AM
To: Roland <rcc7@msn.com>
Cc: Siamak Nabili <snabili@yahoo.com>
Roland,

I appreciate your efforts and time in preparing these tremendous letters. Siamak and I are very grateful for the powerful motions and letters you have sent on our behalf.

As we touched upon last week in court, there may be a continued deposition for me in the Santa Clara action going forward on November 30th in the afternoon in Laguna or in Del Mar on about 30 questions, mostly about the Dr. Cole issue.

There is a small possibility of the writ just filed extending a stay until the appeals court evaluates the court's ruling, and it is possible a motion to stay the case for several months will also be heard ex parte in the interim. As you know, since there are a couple of firms looking at the case and working on the plastic surgeon declaration including Mr. Zinn, we are to date pro per on the case.

In the event the deposition does need to go forward per current court order on the 30th of this month, would there be a possibility to consider helping prepare and defend me at this deposition- in that limited capacity?

Sincerely,
Nili

From: Roland <rcc7@msn.com>
To: "nnalai@yahoo.com" <nnalai@yahoo.com>; "snabili@yahoo.com" <snabili@yahoo.com>
Sent: Monday, November 16, 2015 3:54 PM
Subject: ALAI v. SHANG---Letters to Santa Clara Counsel and to John Pascoe

Nili and Sam,

Attached are the letters you requested to Santa Clara counsel and to John Pascoe---sent out today.

Roland C. Colton
**COLTON LAW GROUP**
28202 Cabot Road
3rd Floor
Laguna Niguel, CA. 92677
Phone: (949) 365-5660
Fax: (949) 365-5662

corresspondences to santa clara Re: ALAI v. SHANG---Tentative Rulings

N. Alai <nnalai@yahoo.com>
Fri 11/13/2015, 1:43 PM
To: Roland <rcc7@msn.com>

Dear Roland,
I appreciate your immense work on the motions and the spectacular success yesterday in court.
Sam and I both look forward to our day on your 2 motions on Thursday December 3rd, 2015.

Your suggested and cordial assistance in drafting a correspondence to both the Santa Clara attorneys in their
role in exchange of information is very much appreciated and should be helpful to our case.

In regards to our conversation about John Pascoe, I appreciate your input and suggestion on retrieving all of
my records, emails, and items used to prepare tax documents from him except for just the last 3 years actual
returns. If my understanding doesn't comport with your please let me know. He has been my accountant for
15 years and he is still performing tax services. I have let him know a couple of times that I would like to not
have my financial statements and quickbooks items on file with his office, but it might be better coming form
our counsel and he might comply with returning those items and deleting those copies form his electronic files
if acceptable.
john@pascoecpa.com
Address: 2222 Martin # 220, Irvine, CA 92612
Phone: (949) 251-1220

Please let me know your thoughts.

Sincerely,
Nili

From: Roland <rcc7@msn.com>
To: "nnalai@yahoo.com" <nnalai@yahoo.com>; "snabili@yahoo.com" <snabili@yahoo.com>
Sent: Thursday, November 12, 2015 11:30 AM
Subject: ALAI v. SHANG---Tentative Rulings

As I mentioned in my voice message and text to Nili, the tentative rulings have now been posted:

1.  Dr. Shang's Motion for Terminating Sanctions is DENIED.  Dr. Shang has not suffered any cognizable prejudice as
a result of the alleged failure to comply with the Court Order.  Defendant still has over four months to properly
subpoena Cinda Be and obtained her testimony prior to trial;

2.  Plaintiffs' Motions for Terminating Sanctions and to Disqualify Dr. Shang's Counsel are continued to Dec. 3, 2015 at
2:00 p.m. in Dept. C12.  No further briefing is required or permitted.

Roland C. Colton
COLTON LAW GROUP
28202 Cabot Road
3rd Floor
Laguna Niguel, CA. 92677
Phone: (949) 365-5660
Fax: (949) 365-5662

Master doc 10 31 15 DRAFT MASTER DOC

nnalai <nnalai@yahoo.com>
Sun 11/1/2015, 8:43 AM
To: Attorney Roland Colton <rcc7@msn.com>
Cc: Siamak Nabili <snabili@yahoo.com>

📎 1 attachments (3 MB)
000 USE THIS 10 30 15 PETITION TO WRIT MTC (2) NA master document.docx;

Roland,
Thank you for all of your efforts!  I'm sorry that the other master document was corrupt. I can resend that edited file Monday from the office since it was selected portions of the enclosed main document from some of the issues of wrongful disclosure in the Santa Clara case.

This current attachment is a voluminous draft document where we pull relevant items for each motion. On scanning, you will see there are helpful portions about Dr. Coles signature and how other counsel would have learned of it to ask their directed questions at our may 2015 depositions. Please let me know if this file format is accessible to you.

I will likely rescan exhibits ( technical issues permitting).
Sincerely,
Nili

Please excuse typos and brevity.  Sent from Verizon Wireless.

-------- Original message --------
From: "N. Alai" <nnalai@yahoo.com>
Date: 10/31/2015 5:49 PM (GMT-08:00)
To: "N. Alai" <nnalai@yahoo.com>, Siamak Nabili <snabili@yahoo.com>
Subject: 10 31 15 DRAFT MASTER HONG WRIT DOC

3 items- Re: ALAI v. SHANG---Opposition to Dr. Shang's Motion for Terminating Sanctions

N. Alai <nnalai@yahoo.com>
Wed 10/28/2015, 3:56 PM
To: Roland <rcc7@msn.com>

Roland,

Our opposition looks really nicely done, and I especially appreciated the way you brought in Defense's use of tax records with all this employment data, like knowing exactly what employees made per hour and the number of hours each worked in each year.

I am not sure how Judge Wilson's perspective will fare on the portions of this attachment about my role, and if Defense would attack our position.   I would propose to consider inclusion of what I perceive as 2 or 3 other key issues

 1. Defense's knowledge through tax records of my other employees not employed in 2011
and Ikuta's improper direct contacts to them ( Sara Salvesen) even after you  notified him not  to do so ( Exhibit Sara's text)

2. I had data loss of my main office computers in early October 2014, the hard drives were sent for data recovery ( we have exhibits Fedex receipt and IT emails documenting all of this) and Costco receipts for new replacement computers in October 2014. (This was also during the time of the EKCFoundation.org site setup with Lindsey Smart who was my assistant and helping with he lost data including all of our old payroll files.)

3. In January/ February 2015 I contacted Ronsin by email several times paying for and requesting the records they received from Pascoe.
Ronsin stated they were instructed not to produce records by Ikuta. A month of my ordering these records went by and we were not provided any, and much later Judge Jameson ruled Shang's tax records in the same production could be withheld by Ronsin. ( All exhibits available)

Thanks,
Nili

---

From: Roland <rcc7@msn.com>
To: "nnalai@yahoo.com" <nnalai@yahoo.com>; "snabili@yahoo.com" <snabili@yahoo.com>
Sent: Wednesday, October 28, 2015 1:08 PM
Subject: ALAI v. SHANG---Opposition to Dr. Shang's Motion for Terminating Sanctions

Nili:

I have attached a rough draft of your declaration in opposition to Dr. Shang's motion for terminating sanctions.  Keep in mind that this Opposition has a very narrow focus---alleged failure to identify all of the TSC 2011 employees.  Please review and let me know of any changes/additions you have.

I have also attached a "very rough" draft of our Memorandum in Opposition, so that you can see some of the arguments we'll be making (there is still much work to do on it).  Much of my time today has been devoted to my own declaration, which refers to numerous emails re: TSC employees, depositions and Cinda Be.  Once completed, it will supplement greatly the Memorandum.

Please get back to me on your declaration as soon as you can.

Thank you.


Roland C. Colton
**COLTON LAW GROUP**
28202 Cabot Road
3rd Floor
Laguna Niguel, CA. 92677
Phone: (949) 365-5660
Fax: (949) 365-5662

Re: Urgent Dr. Cole Response requested Re Medical Board Contact: Attachment Exhibits Part 1 and 2 and 3 Dr. Cole
MRI Notalgia

N. Alai <nnalai@yahoo.com>
Tue 9/1/2015, 10:28 AM
To: Roland <rcc7@msn.com>
Cc: N. Alai <nnalai@yahoo.com>

Thank you for your efforts Roland. I appreciate your understanding of the perceived urgency of this issue. In case
Dr. Cole's home number or email ( I assume would be privileged) may be a fit, that would be fine. His home
telephone number is

Separately, I thought it was important to let you know that we received email confirmation that our Santa Clara
attorneys have filed to withdraw from the case based on Dr. Cole's testimony and deposition. Prior to Dr. Cole's
deposition, the Santa Clara case was going quite well and we defeated Stanford's MSJ- such that Stanford actually
withdrew their motion a week before the hearing. We were in position to potentially settle with Stanford on that
case and dismiss their doctor Dr. Dirbas.  Dr. Cole evidently did state in his deposition that he resigned the
morning after his last deposition; that did not help the matter in our counsel's mind.

On another note, would it be possible for us to demand pursuant to our protective order agreement production of
what Ikuta has sent to MBC or anyone else in as much as I have very strong reason to believe he has sent a
number of Dr. Cole materials to MBC for their investigation?

Thanks,
N

---

From: Roland <rcc7@msn.com>
To: "nnalai@yahoo.com" <nnalai@yahoo.com>
Sent: Tuesday, September 1, 2015 11:00 AM
Subject: RE: Please confirm receipt Re: Urgent Dr. Cole Response requested Re Medical Board Contact: Attachment Exhibits Part 1 and 2 and 3
Dr. Cole MRI Notalgia

FYI, I have left a second message on Dr. Cole's cell phone.  No response yet.


Roland C. Colton
**COLTON LAW GROUP**
28202 Cabot Road
3rd Floor
Laguna Niguel, CA. 92677
Phone: (949) 365-5660
Fax: (949) 365-5662

---

Date: Mon, 31 Aug 2015 22:54:21 +0000
From: nnalai@yahoo.com
To: rcc7@msn.com
Subject: Please confirm receipt Re: Urgent Dr. Cole Response requested Re Medical Board Contact: Attachment
Exhibits Part 1 and 2 and 3 Dr. Cole MRI Notalgia

Please confirm receipt.
Thank you

From: N. Alai <nnalai@yahoo.com>
To: Roland <rcc7@msn.com>
Cc: Siamak Nabili <snabili@yahoo.com>
Sent: Friday, August 28, 2015 11:41 PM
Subject: Urgent Dr. Cole Response requested Re Medical Board Contact: Attachment Exhibits Part 1 and 2 and 3 Dr. Cole MRI
Notalgia

CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

**Attached Draft Declaration Re: ALAI v. SHANG---Alai Declaration signature**

N. Alai <nnalai@yahoo.com>
Mon 8/24/2015, 12:13 AM
To: Roland <rcc7@msn.com>; snabili@yahoo.com <snabili@yahoo.com>

📎 1 attachments (41 KB)
00 ALAI-DEC in Support of Motion for Terminating Sanctions (3).docx;

Roland.
I will forward the signature page in another email since Yahoo is not cooperating with the PDf attachment.
In moving forward on our tight timeline for Monday's motions, I could either sign the declaration you have proposed as you have wished and potentially work with you on a supplemental one for later submisson, or if you find acceptable for timely submission the expanded declaration I've proposed. I am sorry that our philosophies appear to be very different on this and am very appreciative of your understanding that I would be more comfortbale with a more thorough declaration. I respectfully request that within the confines of what you find to be legal and reasonable, I would need to be true to myself and be heard.

Thank you in advance for your anticiated understanding and support.
Nili

From: Roland <rcc7@msn.com>
To: "nnalai@yahoo.com" <nnalai@yahoo.com>; "snabili@yahoo.com" <snabili@yahoo.com>
Sent: Sunday, August 23, 2015 10:18 PM
Subject: ALAI v. SHANG---Declaration signature

Nili,

I'm going home and will re-commence early in the morning (around 4 a.m.) to finish the papers. In the meantime, I do need your signature on the declaration tonight. Could you please sign the signature page and fax/email to me. If you have any proposed changes, please let me know.

Thanks.

Roland C. Colton
**COLTON LAW GROUP**
28202 Cabot Road
3rd Floor
Laguna Niguel, CA. 92677
Phone: (949) 365-5660
Fax: (949) 365-5662

**PROOF OF SERVICE**
***Brunilda Stephens, et al. v. Nordstroms, Inc., et al.***
**Civil Action No. 2:17-cv-05872-DSF (KSx)**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 28, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

**COLTON LAW GROUP**

By:    *Roland C. Colton*
       Roland C. Colton

*Attorneys for Plaintiff Brunilda Stephens and the Proposed Class*

11

DECLARATION OF ROLAND C. COLTON IN OPPOSITION TO NILI ALAI'S REQUEST TO FILE AMICUS CURIAE BRIEF