# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNILDA STEPHENS, on behalf of herself and all others similarly situated,<br>    Plaintiff,<br><br>               v.<br><br>NORDSTROM, INC., HAUTELOOK. INC.,<br>    Defendants. | CV 17-5872 DSF (KSx)<br><br>Order STRIKING Class Allegations |

On December 26, 2018, the Court denied Plaintiff Brunilda Stephens' motion for class certification. Dkt. 51 (Class Certification Order). Plaintiff was ordered to show cause why this Court should not strike the class allegations. Id. at 14. Plaintiff submitted a response. Dkt. 53. Defendants Nordstrom Inc. and Hautelook, Inc. filed a response to Plaintiff's filing. Dkt. 59. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

In response to the Court's order to show cause, Plaintiff proposes a revised class consisting of:

> All United States persons who have purchased vintage Rolex watches from Defendants at any time four years prior to the filing date of this Complaint ("Class Period"), and who received an online solicitation from

>Defendants for the watch they purchased, containing a strike-through price indicating a higher price than the purchase price offered, and who did not subsequently return to Defendants said watch for a refund of the purchase price.

Dkt. 53, at 1. Plaintiff now seeks to bring only her first seven causes of action as class claims (omitting the Eighth and Ninth Causes of Action for breach of implied warranty and breach of express warranty).

## A. Plaintiff Fails to Demonstrate This Case Is Suitable for Class Action Adjudication

Class claims must depend on a common contention of fact that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

In its Class Certification Order, the Court found that most of the questions Plaintiff argued were common to the class were not answerable on a classwide basis. But with respect to the strike-through price the Court noted that:

>Whether the strike-through price was misleading, however, has not been shown to be subject to a common answer. . . . The determination as to whether Defendants misled class members by using a strike-through price is at best a potential common issue determinable through a class action. More information and a more specific trial plan—and likely a much narrower class definition—would be required before the Court could make a determination on this issue.

Class Certification Order, at 7 (footnote call number omitted). Plaintiff now asserts that with a narrower proposed class definition "there is clear commonality of the misrepresentations made by Defendants: each class member received an online solicitation page containing a strike-through price, purporting to show the market value of the watch." Dkt. 53 at 3.

Plaintiff fails to demonstrate that whether the strike-through price was misleading can be answered on a classwide basis. To be successful on her fraud claims, Plaintiff must demonstrate that there is a causal link between the alleged misrepresentations (i.e., the strike-through price) and the alleged injury. If reliance on a misrepresentation is the *only* plausible motivation for the class members, such reliance can be established without individualized inquiry. See In re First All. Mortg. Co., 471 F.3d 977, 990 (9th Cir. 2006) (finding that reliance on misrepresentations as to the rates and terms of loans was the only plausible motivation for individuals to have taken out such loans).

But all potential class members' reliance on the strike-through price cannot be presumed to be their sole motivation in deciding to purchase their watches. In determining whether a class of individuals allegedly misled by various misrepresentations on video poker machines should have been certified, the Ninth Circuit noted "[g]amblers do not share a common universe of knowledge and expectations—one motivation does not 'fit all.'" Poulos v. Caesars World, Inc., 379 F.3d 654, 665 (2004). The situation here is similar: for instance, some purchasers may have been collectors familiar with the value of vintage Rolexes. See Class Certification Order, at 7. Others may simply not have relied on the strike-through price at all in making their purchase. Id. This is not a case where the strike-through price is the sole plausible motivation for potential class members' purchase of the watch.

3

Plaintiff also points to several inapposite securities fraud cases.[1] These cases are not persuasive, and do not demonstrate that this question can be answered on a classwide basis.[2]

## B. Plaintiff Fails to Propose a Sufficient Trial Plan or a Viable Damages Model

Plaintiff's proposed trial plan is insufficient. In its Order, the Court rejected Plaintiff's suggestion that calling "several" members of the class as witnesses and having a few watches examined at trial could adequately establish Defendants' liability as to the entire class. Class Certification Order, at 9. Plaintiff's trial plan follows this same approach with respect to deception and reliance, the key issues that Plaintiff argues can be resolved on a classwide basis. See Dkt. 54 (Trial Plan), at 5.

Plaintiff has also failed to propose a viable damages model. See id. at 10-11. Plaintiff now proposes that: each class member still possessing his/her watch have it appraised, each who sold the watch provide records of sale or a declaration, and each whose watch was destroyed produce proof of payment from an insurance company, if the watch was insured. See Trial Plan, at 17-18. Even assuming this solution is practicable, this methodology fails to accomplish its required purpose—establishing the actual value of the watches at the time they were purchased.

---

[1] Plaintiff points to Blackie v. Barrack, 524 F.2d 891 (9th Cir. 1975), along with several district court cases involving securities fraud. See Dkt. 53, at 4. Blackie explicitly provides that its holding—that individual reliance is not necessary—is specific to securities fraud and differs from the standard applied in a traditional fraud action. Blackie, 524 F.3d at 907.

[2] Plaintiff discusses California Business & Professions Code §§ 17200 & 17500 at length. Dkt. 53, 6-9. But Plaintiff provides no argument regarding any of the requirements of Rules 23(a) or 23(b)(3) for these claims. See id.

It is obvious at this stage of the proceedings that classwide relief is not available.[3] The Court therefore STRIKES Plaintiff's class allegations.

## C. Concerns Regarding Plaintiff's Counsel

Because the Court strikes Plaintiff's class claims on the grounds discussed above, it need not determine whether counsel is adequate. That said, in addition to the numerous concerns raised in its Class Certification Order, the Court remains troubled by Mr. Colton's conduct in this litigation.

The Court ordered Mr. Colton to provide evidence to the Court that he was actually named as lead counsel in each of the disputed cases, and that classes were actually certified in two cases Mr. Colton represented were class actions. See Class Certification Order, at 13. Mr. Colton now represents that he no longer has access to the case files for those cases. Dkt. 52 (Colton Decl.), ¶ 2. Plaintiff provides no additional documentation or information suggesting that a class was certified in these cases. The Court is extremely concerned that Mr. Colton declared that he was class counsel in these actions without having any documentation supporting that a class was certified.

And then there is the matter of Dr. Alai's amicus brief, and the various responses filed with the Court. After Dr. Alai circulated an amicus brief to the parties, Mr. Colton filed a "Memorandum of Points and Authorities in Opposition to Nili Alai's Request to File

---

[3] In its past Order, the Court noted the existence of numerous additional issues with certifying Plaintiff's proposed class. For example, the Court remains unconvinced that Plaintiff is typical of her class. See Class Certification Order, at 9 n.6. Plaintiff argues she is typical because she received an online solicitation page showing a strike-through price. Dkt. 53, at 13. This is not sufficient to show Plaintiff is a typical representative of the proposed class.

Amicus Curiae Brief." See Dkt. 56 (First Opposition). Later, Mr. Colton also filed "Objections and Opposition to Nili Alai's Proposed Reply Amicus Brief." Dkt. 57 (Second Opposition). On March 5, Dr. Alai filed a Reply Brief. Dkt. 61.

Plaintiff's Opposition is accompanied by multiple unredacted privileged email discussions between Mr. Colton and Dr. Alai, apparently for the purpose of showing that Dr. Alai had complimented Mr. Colton's performance as her attorney. See Dkt. 56-1 ¶ 25, Ex. C. Mr. Colton's willingness to divulge attorney-client communications for this purpose is deeply concerning to the Court.

Because both documents appear to contain privileged communication, the Court SEALS both of Mr. Colton's Oppositions to Dr. Alai's amicus briefs. Dkts. 57, 58.[4]

IT IS SO ORDERED.

Date: March 18, 2019

Dale S. Fischer
United States District Judge

---

[4] The Court has not relied on any of the "amicus" filings.

6